# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLEAR CHOICE CONNECTIONS, INC., an Ohio corporation; CCC, INC., an Ohio corporation; and AMY SULEIMAN, an individual, <br><br> Defendants. | Civil Action No. <br> 13-2306-CV-WILLIAMS |

### DECLARATION OF RICHARD GRELEWICZ IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I, RICHARD GRELEWICZ, hereby declare, under penalty of perjury, as follows:

1. I am the Senior Vice President of Marketing of TRACFONE WIRELESS, INC., ("TracFone"), and submit this declaration in support of Plaintiff's Motion for Preliminary Injunction (the "Motion").

2. As Senior Vice President of Marketing, I have personal knowledge of the facts and events underlying the instant dispute between TracFone, on the one hand, and Clear Choice Connections, Inc., CCC, Inc., and Amy Suleiman, on the other.

3. TracFone is the largest provider of pre-paid wireless telephone services in the United States, with over twenty million subscribers and products sold in over 100,000 retail locations throughout the continental United States, Hawaii, Alaska, and Puerto Rico.

4. TracFone has exclusively and continuously used in interstate commerce throughout the United States, without abandonment, the NET10®, SIMPLE MOBILE®, and REUP® word marks and NET10®, SIMPLE MOBILE®, and REUP® logos (collectively, the

"TracFone Marks") in connection with prepaid wireless telecommunications services, wireless phones and related goods and services (collectively, the "TracFone Goods & Services").

5. TracFone owns all rights, title, and interest in and to the TracFone Marks in connection with the TracFone Goods & Services, and is the owner of numerous federal trademark registrations for the TracFone Marks (listed in <u>Exhibit A</u> to the Complaint in this case), each of which is valid and subsisting, uncancelled and unrevoked.

6. TracFone also owns valuable common law rights in and to the TracFone Marks. TracFone has used the NET10® mark since at least as early as 2005, the SIMPLE MOBILE® mark since at least as early as 2009, and the REUP® mark since at least as early as 2009. The TracFone Goods & Services, offered under the TracFone Marks, are advertised, offered for sale, and sold at major nationwide retailers such as Walmart, Target, Walgreens, and CVS, in addition to authorized online retailers such as Walmart.com and Amazon.com. TracFone also advertises and offers for sale its products and services online at the domain names NET10.COM, NET10WIRELESS.COM, and SIMPLEMOBILE.COM. In addition, TracFone has invested substantial resources to advertise, promote, market, offer for sale, and sell the TracFone Goods & Services under the TracFone Marks in the United States.

7. As a result of TracFone's continuous and exclusive use, extensive advertising and promotion, substantial number of subscribers, and widespread and prominent placement in thousands of authorized national retail locations (both in-store and online), the TracFone Marks are well-known, distinctive, and famous.

8. In addition, the TracFone Marks have become widely and favorably known as identifying TracFone as the source of the TracFone Goods & Services, and have acquired invaluable fame, goodwill, and reputation among members of the trade and the consuming public

2

in the United States. Thus, the trade and the consuming public have come to recognize and associate the TracFone Marks as an indicator of the quality of the goods and services that are provided by TracFone under the TracFone Marks.

9. Defendants are an online retailer of wireless telecommunications products and services that operate websites at the domain names NET10GSM.COM and MYSIMPLEMOBILEREUP.COM.

10. Notwithstanding TracFone's prior and exclusive rights in and to the NET10®, SIMPLE MOBILE®, and REUP® marks, Defendants registered the NET10GSM.COM and MYSIMPLEMOBILEREUP.COM domain names, which incorporate TracFone's distinctive and famous NET10®, SIMPLE MOBILE®, and REUP® word marks (the "Infringing Domain Names"). Defendants have used and are continuing to use the Infringing Domain Names to direct Internet traffic to its websites that prominently display the NET10®, SIMPLE MOBILE®, and REUP® marks to promote Defendants' competing and/or complementary goods and services under these marks, thereby intentionally capitalizing on the goodwill that TracFone has long established in the TracFone Marks and willfully deceiving the trade and the consuming public as to the source, origin, affiliation and/or sponsorship of Defendants' goods and services.

11. The Infringing Domain Names were registered through the use of a privacy service, namely, Domains by Proxy, LLC. A true and correct copy of the WHOIS records for the Infringing Domain Names is attached as <u>Exhibit B</u> to the Complaint in this case. Defendants contacted TracFone directly after TracFone advised Domains by Proxy of Defendants' infringing activities. A true and correct copy of correspondence from Domains by Proxy in response to TracFone's inquiry regarding the identity of the registrant is also attached as <u>Exhibit C</u> to the Complaint in this case.

3

12. The Infringing Domain Names wholly incorporate TracFone's protectable NET10®, SIMPLE MOBILE®, and REUP® marks.

13. Defendants have willfully and intentionally been using the TracFone Marks in connection with competing and/or complementary telecommunications goods and services, in a manner that is in violation of TracFone's trademark rights. True and correct copies of representative printouts from the websites found at the Infringing Domain Names are attached as Exhibit D to the Complaint in this case.

14. Defendants have used, and are using without authorization, TracFone Marks in an unlawful manner to divert customers or potential customers to Defendants' infringing websites. Defendants not only use TracFone Marks in the uniform resource locator (URL) but also own, maintain, or host websites that are colorable imitations of TracFone's websites. For instance, Defendants represent themselves on the website Net10gsm.com as "NET10 WIRELESS Authorized Dealer" using TracFone's distinctive color, style, and fonts. Defendants further place the infringing trademarks in prominent locations on the top of the Defendants' websites and throughout the body of the websites. Defendants only attempt to dispel confusion in a disclaimer section on the bottom of Defendants' webpage using small and non-conspicuous fonts. *See* Exhibit E.

15. Similarly, Defendants use on the infringing MySimpleMobileReup.com website TracFone's distinctive trademark, logo, color, and arrangement of the SIMPLE MOBILE trademark along with the distinctive REUP® trademark throughout Defendants' websites. Defendants further use same or similar green color and distinctive look to confuse consumers or potential consumers as to the source, origin, sponsorship, endorsement, or affiliation of Defendants' goods or services. *See* Exhibit F. TracFone has never authorized Defendants to use

the TracFone Marks in connection with goods or services, and objected to Defendants' use promptly upon learning of it. *See* Exhibit G. Defendants continue to use infringing TracFone Marks, the Infringing Domain Names and websites, and to misrepresent themselves as "Authorized Retailers."

16. Defendants began using the TracFone Marks long after TracFone's use and registration of the TracFone Marks, and continue to use the TracFone Marks in connection with the promotion and sales of its competing and/or complementary telecommunications services.

17. TracFone has made repeated demands that Defendants immediately cease and desist from further use of the TracFone Marks and assign the Infringing Domain Names to TracFone. However, Defendants have failed and refused and continue to fail and refuse to comply with these demands, and is continuing to engage in the unlawful activities as detailed above.

Further Declarant Sayeth Naught.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of November 2013 at Miami, Florida.

RICHARD GRELEWICZ

5