UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-23066-WILLIAMS

TRACFONE WIRELESS, INC.

  Plaintiff,

vs.

CLEAR CHOICE CONNECTIONS, INC.,
CCC, INC., and AMY SULEIMAN,

  Defendants.
_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

  THIS MATTER is before the Court on Plaintiff's Motion for Preliminary Injunction [D.E. 12]. For the reasons stated below, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

  Plaintiff TracFone is the "largest provider of pre-paid wireless telephone services in the United States" [D.E. 30 ¶ 10]. Defendant Clear Choice Connections is an Ohio corporation that has marketed TracFone products through five websites it maintains through six domain names [D.E. 16 at 1-2]. TracFone alleges that Clear Choice has infringed on its four of its marks by directing Internet users to their websites and falsely advertising that it is an "authorized retailer" of TracFone products [D.E. 12 at 4]. According to Plaintiff, Defendants' use of the TracFone marks has created confusion in the marketplace. *Id.* at 4-5. With this motion Plaintiff seeks a preliminary injunction barring Clear Choice from using TracFone marks or similar marks during the pendency of this action. *Id.* at 16.

In opposing this motion, Clear Choice raises several defenses, including its argument that it received a license to use the TracFone marks from SD9000 and/or Cellucom Distribution, Inc., a "national master agent" of TracFone that recruits retailers to sell TracFone products [D.E. 16 at 5]. Clear Choice further argues that it may use TracFone's marks under the nominative fair use doctrine. *Id.*

A district court may grant a preliminary injunction only if the moving party shows that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014) (internal citation omitted). A preliminary injunction is considered "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion for each prong of the analysis." *Id.* (internal quotations and citations omitted).

To establish a substantial likelihood of success on the merits, a plaintiff must demonstrate a likelihood of success at trial as to both its *prima facie* case and the affirmative defenses asserted by the defendant. *See Original Appalachian Artworks, Inc. v. Topps Chewing Gum, Inc.*, 642 F.Supp. 1031, 1034 (N.D. Ga. 1986); *see also Metro-Goldwyn-Mayer, Inc. (MGM) v. Showcase Atlanta Cooperative Productions, Inc.*, 479 F.Supp. 351, 355 (N.D. Ga. 1979) (citing *Canal Authority of St. of Fla. v. Calloway*, 489 F.2d 567 (5th Cir. 1974)). In this case, Clear Choice asserts an affirmative defense of license, alleging that it received a license to use TracFone's marks from a third party, SD9000 and/or Cellucom [D.E. 16 at 5]. In support of its argument, Clear Choice relies

on the declaration of its director, Amy Suleiman, who declares that Clear Choice entered into an agreement with "SD9000 or Cellucom Distribution, Inc." around September 2012, and pursuant to this agreement Clear Choice became an authorized retailer of TracFone products and was given access to TracFone marketing materials through a secure Internet portal [D.E. 16-1 ¶¶ 4-5]. Clear Choice has not, however, submitted any written agreement with SD9000 or Cellucom.

TracFone argues that the Court must find in its favor because Clear Choice has failed to provide a copy of the licensing agreement [D.E. 19 at 3-4]. While Suleiman's declaration may not be the strongest evidence of the existence of a license, it is *some* evidence, and TracFone has not proffered any evidence rebutting Suleiman's declaration. The Court cannot conclude based on this minimal record that TracFone is likely to succeed on Clear Choice's licensing defense. Because TracFone has failed to show a likelihood of success on the merits, its motion for a preliminary injunction [D.E. 12] is DENIED at this time. However, TracFone may renew this motion based on further evidence developed through discovery.

DONE AND ORDERED in Chambers in Miami, Florida, this 29th day of September, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE