**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

1:13-cv-23066-WILLIAMS/SIMONTON

TRACFONE WIRELESS, INC., a Delaware corporation,

Plaintiff,

v.

CLEAR CHOICE CONNECTIONS, INC., an Ohio corporation; CCC, INC., an Ohio corporation, and AMY SULEIMAN, an individual,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TracFone Wireless, Inc. ("TracFone"), respectfully requests that the Court strike the jury demand of Defendants, Clear Choice Connections, Inc. ("Clear Choice"), CCC, Inc. ("CCC"), and Amy Suleiman ("Suleiman") (collectively, "Defendants"). TracFone has ceased pursuing its claims for actual damages; therefore, TracFone's only remaining claims are equitable and do not implicate the jury trial guarantee of the Seventh Amendment. Accordingly, TracFone respectfully requests that the Court enter an Order finding that none of the issues remaining entitle Defendants a jury trial and striking their jury trial demand pursuant to Federal Rule of Civil Procedure 39(a)(2).

**BACKGROUND**

After a series of email communications in which TracFone demanded that Defendants cease their infringing and unauthorized uses of TracFone's trademarks and Defendants' refusal to comply, TracFone was forced to initiate this suit against Defendants relating to Defendants'

infringement of the substantial goodwill and reputation associated with TracFone's registered NET10®, SIMPLE MOBILE®, and REUP® trademarks (the "TracFone Marks"). TracFone's claims of unfair competition and trademark infringement stem from various acts and conducts by Defendants including, but not limited to, Defendants' registration and use of TracFone Marks in as domains – such as NET10GSM.com and MYSIMPLEMOBILEREUP.COM – used to compete with TracFone's Net10.com and SimpleMobile.com domain names. In addition, Defendants purchased TracFone Marks as keywords with internet search engines such as Google or Bing to place their domain names and websites in search results ahead of TracFone's domain names and websites, which would otherwise normally and organically appear first when a user searches for the TracFone Marks.

In TracFone's original Complaint (D.E. 1), it brought seven counts against Defendants: 1) for federal trademark infringement under 15 U.S.C. § 1114(1); 2) for federal false designation of origin and unfair competition under 15 U.S.C. § 1125(a); 3) for federal trademark dilution under 15 U.S.C. § 1125(c); 4) for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); 5) for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); 6) for common-law trademark infringement; 7) and for unfair competition under common law. Therein, TracFone sought a permanent injunction, disgorgement of Defendants' profits, TracFone's attorney's fees, and statutory and actual damages. (D.E. 1 at 15–16.) Following dismissal of the original Complaint with leave to amend (D.E. 29), TracFone filed its Amended Complaint (D.E. 30) on July 28, 2014 asserting the same claims.

Following their Answer and Affirmative Defenses to Amended Complaint (D.E. 34), Defendants made a jury demand under Federal Rule of Civil Procedure 38. (D.E. 37.) Since then, TracFone has ceased pursuing its claim of actual damages, instead limiting the requested

relief to an injunction, Defendants' profits, statutory damages, and attorney's fees and costs. Accordingly, none of TracFone's remaining claims are claims at law properly heard before a jury. Hence, an Order striking Defendants' jury demand under Federal Rule of Civil Procedure 39(a)(2) is appropriate.

## ARGUMENT

TracFone's claims against Defendants are for a permanent injunction, disgorgement of profits, statutory damages, and attorney's fees and costs. Because these claims are in equity, there are no claims that entitle Defendants to a trial by jury. *See Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 121–22 (5th Cir. 1973)[1] ("The right of trial by jury does not extend to cases historically cognizable in equity.").

### A. THERE IS NO RIGHT TO A JURY TRIAL ON A CLAIM FOR INJUNCTIVE RELIEF

There can be little dispute that a claim for injunctive relief is equitable in nature. *See Klay v. United Healthygroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) ("a 'traditional' injunction, which may be issued as either an interim or permanent remedy for certain breaches of common law, statutory, or constitutional rights . . . fall[s] within the long-recognized, inherent equitable powers of the court.") (citing *ITT Comm. Devel. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). Hence, under the Seventh Amendment, there is no right to a trial by jury on TracFone's claim for injunctive relief.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

### B. DEFENDANTS ARE NOT ENTITLED TO A JURY TRIAL ON TRACFONE'S CLAIMS FOR DISGORGEMENT OF PROFITS

Nor are Defendants entitled to a jury trial on TracFone's claim for disgorgement of Defendants' profits. *See Herman v. S. Carolina Nat. Bank*, 140 F.3d 1413, 1422 (11th Cir. 1998) (holding that it is "clear that disgorgement of profits is a distinctly equitable remedy"); *see also Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004 (9th Cir. 2004) ("[D]isgorgement of profits is a traditional trademark remedy and the district court's use of profits as a measure for the contempt sanction is hardly a novel proposition."); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 955 F. Supp. 598, 605 (E.D. Va. 1997) ("these remedies—the disgorgement of defendant's profits . . . – are wholly equitable and do not create a constitutional jury trial right."). Defendants have infringed on TracFone's valuable Marks, and disgorgement of Defendants' profits is based on unjust enrichment — the equitable nature of which is axiomatic. *Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988) (holding that an "accounting for profits has been determined by this Court to further the congressional purpose by making infringement unprofitable, and is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future."). Hence, Defendants are not entitled to a trial by jury on TracFone's claims for disgorgement of Defendants' profits under the Seventh Amendment, and Defendants' jury trial demand may be stricken under Federal Rule of Civil Procedure 39(a)(2).

Further, Defendants are not entitled to a trial by jury under the Seventh Amendment because TracFone's claims for disgorgement of profits are simply to prevent the unjust enrichment of Defendants. Daisy Grp., Ltd. v. Newport News, Inc., 999 F. Supp. 548, 550-51 (S.D.N.Y. 1998) (finding that where "the remedy of profits [i]s based on an equitable theory of

restitution for unjust enrichment . . . there is no entitlement to a jury trial where the claim is for profits.").

Courts have further found that "to the extent [Plaintiff] is entitled to a monetary judgment, it is due to the [Defendant's] alleged unjust enrichment . . . [Plaintiff] cannot grant [itself] the right to a jury trial simply by labeling his claim" as a legal claim. *SPSS, Inc. v. Nie*, No. 08 C 66, 2009 WL 2579232, at *3 (N.D. Ill. Aug. 19, 2009); *see also Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, LP*, No. CIV. 00-2317 JRTFLN, 2002 WL 1763999, at *10 (D. Minn. July 26, 2002).

While some courts have held that defendants are entitled to a trial by jury on claims for disgorgement of profits in the trademark context, those cases are limited to unique circumstances where disgorgement of profits is being used solely as a proxy for damages,[2] which is not the case here. Instead, TracFone seeks disgorgement of Defendants' profits so that the Court may exercise its equitable powers to prevent the injustice of allowing Defendants to keep the profits earned off of TracFone's Marks and to discourage Defendants from continuing to infringe the substantial goodwill associated with those marks. *See Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 585 (5th Cir. 1980) (finding that disgorgement of profits in such cases serves two purposes: "remedying unjust enrichment and deterring future infringement"); *see also Bishop v.*

[2] Some courts have read *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–79 (1962), to require a trial by jury in trademark cases involving disgorgement of profits. There, the Supreme Court stated that "The respondents' contention that this money claim is 'purely equitable' is based primarily upon the fact that their complaint is cast in terms of an 'accounting,' rather than in terms of an action for 'debt' or 'damages.' But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." *Id.* This passage has led a handful of courts to find that disgorgement of profits is a legal claim where the courts determined that disgorgement was simply used as a proxy for damages. *See Reynolds Consumer Prods., Inc. v. Handi-Foil Corp.*, No. 13-CV-214, 2014 WL 794277, at e,g, *6-7 (E.D. Va. Feb. 27, 2014). But, here, TracFone is not seeking to use disgorgement as a proxy for damages; instead, TracFone is utilizing disgorgement of profits in its capacity to prevent unjust enrichment.

*Equinox Int'l Corp.*, 154 F.3d 1220, 1222–23 (10th Cir. 1998) ("There are two widely recognized rationales for awarding profits to a plaintiff who cannot demonstrate that he or she has suffered damages as a consequence of the infringement: preventing unjust enrichment and deterring willful infringement.").

Thus, the Court may strike Defendants' jury trial demand under Federal Rule of Civil Procedure 39(a)(2).

**C. NO RIGHT TO A TRIAL BY JURY EXISTS FOR TRACFONE'S CLAIM FOR ATTORNEY'S FEES**

TracFone's claim for attorney's fees is not a "legal" claim such that a right to a trial by jury exists under the Seventh Amendment. *See Swofford v. B & W, Inc.*, 336 F.2d 406, 413 (5th Cir. 1964) (holding that "attorneys' fees are not money claims triable by jury, although they are awarded in a 'legal' action."). This is especially true in the trademark context, where "[u]nder the statute, the decision to award fees is committed to the district court, not the jury." *See Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 31 (1st Cir. 2002); *see also Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 41 (1st Cir. 2006) (finding that "both attorneys' fees and enhancement of damages are decided by the judge rather than the jury"). Thus, Defendants are not entitled to a trial by jury under the Seventh Amendment on TracFone's claims for attorney's fees, and Defendants' jury trial demand may be stricken under Federal Rule of Civil Procedure 39(a)(2).

**D. TRACFONE'S CLAIM FOR STATUTORY DAMAGES DOES NOT ENTITLE DEFENDANTS TO A TRIAL BY JURY**

TracFone's final claim - statutory damages - also does not entitle Defendants to a trial by jury under the Seventh Amendment. *See Joe Hand Promotions, Inc. v. Nekos*, 18 F. Supp. 2d 214, 217 (N.D.N.Y. 1998) (finding that statutory damages are restitutionary, are therefore

equitable in nature, and do not entitle a defendant to a trial by jury); *see also Twentieth Century Music Corp. v. Frith*, 645 F.2d 6, 6 (5th Cir. 1981) (per curiam) (noting that, in a case including statutory damages, the "whole case before the Court was equitable in nature as to which the appellant had no constitutional or statutory right to a jury trial."). Although some courts have held to the contrary,[3] the Fifth Circuit recently addressed this issue under the Anticybersquatting Consumer Protection Act, through which TracFone asserts one of its claims, and imported the copyright standard that "if statutory damages are elected, the trial court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." In that case, the Plaintiff exercised its option for statutory damages to be determined by the court after a jury verdict on actual damages was rendered. *Kiva Kitchen & Bath Inc. v. Capital Distributing Inc.*, 319 Fed. Appx. 316, 320 (5th Cir. 2009) (internal quotations omitted) (quoting *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001)); *see also GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011) (holding that "there is no right to a jury trial when a judge awards the minimum statutory damages").

This is consistent with the Eleventh Circuit precedent in *Cable/Home Commc'n Corp. v. Network Productions, Inc.*, 902 F.2d 829, 852-53 (11th Cir. 1990), where the court "quickly dispense[d]" with a conclusion to the contrary, "hold[ing] that the latitude granted the district

[3] Some courts have read *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), to require a trial by jury in order to award statutory damages. However, Judge Easterbrook of the Seventh Circuit best explained what *Feltner* truly held when he stated that "We read *Feltner* as establishing no more (and no less) than that cases under [the Copyright Act] are normal civil actions subject to the normal allocation of functions between judge and jury." *BMG Music v. Gonzalez*, 430 F.3d 888, 892–93 (7th Cir. 2005) (Easterbrook, J.). As Judge Easterbrook stated in *BMG Music*, *Feltner* held that the Copyright Act, under which there is no grant of power to a jury, defaults to the standard rules—not that any action for statutory damages must be submitted to a jury. *Id.*

court's great discretion in awarding statutory damages does not entitle defendants to a jury or bench trial as to an award of damages within the statutory limits" as long as the parties can submit "all of their supporting evidence to the district court." Hence, as TracFone is seeking only statutory damages—not actual damages—against Defendants, there is no entitlement to a jury trial under the Seventh Amendment, and Defendants' jury trial demand may be stricken by the Court under Federal Rule of Civil Procedure 39(a)(2).

**CONCLUSION**

For the foregoing reasons, TracFone respectfully requests that the Court enter an Order striking Defendants' demand for a trial by jury under Federal Rule of Civil Procedure 39(a)(2).

Dated this 17th day of September, 2015.

By: */s/ Morgan L. Swing*

James B. Baldinger (FL Bar No: 869899)
Email: jbaldinger@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
561.659.7070 (Telephone)
561.659.7368 (Facsimile)

Morgan L. Swing (FL Bar No: 17092)
Email: mswing@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. 2nd Street, Suite 4200
Miami, FL 33131
305.530.0050 (Telephone)
305.530.0055 (Facsimile)

Ethan Horwitz (*Pro Hac Vice*)
CARLTON FIELDS JORDEN BURT, P.A.
Email: ehorwitz@cfjblaw.com
405 Lexington Avenue, 29th Floor
New York, NY 10174-0002
212.380.9617 (Telephone)
212.785.5203 (Facsimile)
*Attorneys for Plaintiff TracFone Wireless, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that that a true and correct copy of the foregoing document was filed with the United States District Court for the Southern District of Florida and was served by using CM/ECF, on September 17, 2015, on all counsel or parties of record on the service list below.

*/s/ Morgan L. Swing*
Attorney

**SERVICE LIST**

*TracFone Wireless, Inc. v. Clear Choice Connections, Inc., et al.*
Case No. 1:13-cv-23066-Williams-Simonton
United States District Court, Southern District of Florida

| **SHUTTS & BOWEN LLP**<br>Joseph W. Bain<br>City Place Tower<br>525 Okeechobee Blvd., Suite 1100<br>West Palm Beach, FL 33401<br>561.650.8523 (Telephone)<br>561.822.5502 (Facsimile)<br>Email: jbain@shutts.com | **McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A.**<br>Michael W. Vary<br>Charles A. Nemer<br>101 West Prospect Avenue, Suite 1800<br>Cleveland, OH 44131<br>216.696.1422 (Telephone)<br>mwv@mccarthylebit.com<br>can@mccarthylebit.com |
|---|---|