IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

1:13-cv-23066-WILLIAMS/SIMONTON

TRACFONE WIRELESS, INC.,

    Plaintiff,

v.

CLEAR CHOICE CONNECTIONS, INC., and
AMY SULEIMAN,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

    Plaintiff, TracFone Wireless, Inc. ("TracFone"), hereby replies in further support of its request that the Court strike the jury demand of Defendants, Clear Choice Connections, Inc. ("Clear Choice"), CCC, Inc. ("CCC"), and Amy Suleiman ("Suleiman") (collectively, "Defendants"). As TracFone stated in its Motion to Strike Jury Demand (D.E. 161) (the "Motion"), TracFone has ceased pursuing any legal claims, which means that the issues remaining in this case do not implicate the jury trial guarantee of the Seventh Amendment. Nothing in Defendants' Opposition to the Motion (D.E. 179) changes this fact. Hence, TracFone respectfully renews its request that the Court enter an Order finding that none of the remaining issues entitle Defendants a jury trial and striking Defendants' jury trial demand pursuant to Federal Rule of Civil Procedure 39(a)(2).

**INTRODUCTION**

Defendants' Opposition begins with a feigned attempt at righteous indignation based upon the fact that TracFone originally pled its complaint for actual damages and that discovery proceeded in this case under that theory. (D.E. 179 at 2–4.) But, in so doing, Defendants ignore that TracFone's Amended Complaint (D.E. 30) explicitly contains a prayer for Defendants' profits (D.E. 30 at 17 ¶ L) and for statutory damages against Defendants (D.E. 30 at 17 ¶ Q). Further, Defendants disregard that the entire purpose of discovery in civil cases is to narrow the focus of issues at trial. *See* 6 James Wm. Moore et al., Moore's Federal Practice § 26.02 (3d ed. 1997) ("Discovery serves to narrow and clarify the issues and ascertain the facts that are actually in dispute and require trial"); *see also Fed. Deposit Ins. Corp. v. Cherry, Bekaert, & Holland*, 131 F.R.D. 202, 204 (M.D. Fla. 1990) ("The aim of the liberal discovery rules is to make trial 'less a game of blindman's bluff and more a fair contest.'").

As Defendants make clear, TracFone took two years of discovery from Defendants, and, in that process, TracFone determined that it would not pursue its claims for actual damages. (D.E. 161 at 2–3.) Instead, TracFone pared down the relief sought to the following: 1) an injunction against Defendants; 2) Defendants' profits; 3) statutory damages; and 4) attorney's fees and costs incurred in being forced to bring this action. Just as 15 U.S.C. § 1117(d) gives TracFone the right to elect its damages at a later time, the basic principles of civil procedure give TracFone this right to narrow the focus of its suit after completing discovery. In fact, TracFone may even choose statutory damages after trial. *See* 15 U.S.C. § 1117(d) ("the plaintiff may elect *at any time before final judgment is rendered by the trial court*, to recover, instead of actual damages and profits, an award of statutory damages" (emphasis added)). *See also Kiva Kitchen*

2

*& Bath Inc. v. Capital Distributing Inc.*, 319 Fed. App'x 316, 320 (5th Cir. 2009) (affirming decision awarding statutory damages after jury returned actual damages verdict).

**ARGUMENT**

A.  **DISGORGEMENT OF PROFITS IS A CLAIM ON WHICH NO RIGHT TO JURY TRIAL ATTACHES**

Defendants attempt to craft an argument that TracFone cannot pursue equitable claims because TracFone has not exhausted its remedies at law. (D.E. 179 at 5). To do so, Defendants cite a string of inapposite cases that do nothing to detract from TracFone's earlier Motion. *See Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1279 (S.D. Fla. 2010)[1] (deciding whether an accounting is necessary along with a breach of contract claim); *see also Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999) (deciding if an injunction against an arbitration was proper); *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520 (11th Cir. 1994) (deciding that a preliminary injunction to freeze assets was improper in light of a claim for only money damages).

As TracFone's Motion makes clear, the disgorgement of profits in the trademark context is an equitable claim to which no jury trial attaches. *See Jerry's Famous Deli, Inc. v. Papnicolaou*, 383 F.3d 998, 1004 (9th Cir. 2004) (finding that "disgorgement of profits is a traditional trademark remedy"). Moreover, the string of cases upon which Defendants rely for the contention that remedies at law must be exhausted before equitable claims are pursued are inapposite because they are not trademark cases but are, to the best of TracFone's reading, contracts cases that have absolutely nothing to do with trademarks. For trademark infringement, TracFone has the right to recover "(1) Defendants' profits, (2) any damages sustained by

---

[1] *Managed Care Solutions* is a Southern District of Florida case, not, as Defendants' cite claims, an Eleventh Circuit case.

[TracFone], and (3) the costs of the action." 15 U.S.C. § 1117(a). Thus, by statute, there is no requirement that TracFone exhaust damages before it pursues Defendants' profits—TracFone may recover *both* under the plain reading of the statute. Thus, unlike the cases cited by Defendants, in trademark cases there is no requirement of exhaustion of any other rights before profits may be recommended recovered—recovery of both profits and damages may be had.

Next, TracFone has already explained to the Court in its Motion why *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962), is neither controlling nor binding here. In *Dairy Queen*, the Supreme Court addressed the issue of whether money damages flowing from a breach of trademark licensing contract were legal or equitable in nature. *Id.* at 476–77 ("The most natural construction of the respondents' claim for a money judgment would seem to be that it is a claim that they are entitled to recover whatever was owed them under the contract as of the date of its purported termination plus damages for infringement of their trademark since that date."). That is simply not the case here. There has never been a claim for damages owed TracFone from Defendants under a contract. In *Dairy Queen*, the plaintiff requested an accounting to determine the exact amount owed it because the contract required defendant to pay 50% of all amounts it received. The plaintiff argued that the jury demand should be stricken because an account of 50% of what defendant received was an equitable remedy. The Supreme Court held that "[a]s an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character." *Id*. at 899. Thus, it did not turn into a legal claim "merely because the measure of damages may necessitate a look into [defendant's] business records." *Id*. at 900.

This is far different than where damages and profits are two separate monetary awards due to TracFone. TracFone is pursuing only profits, and, as the Eleventh Circuit has held, that is

4

a "distinctly equitable remedy." *Herman v. S. Carolina National Bank,* 140 F.3d 1413, 1422 (11th Cir. 1998). This circuit has also stated that in trademark cases, an award of profits is "to further the congressional purpose by making infringement unprofitable, and is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future." *Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988).

The only other case that Defendants cite to rebut TracFone's Motion is *Reynolds Consumer Prods., Inc. v. Handi-Foil Corp.*, No. 13-cv-214, 2014 794277, at *6–7 (E.D. Va. Feb. 27, 2014), which TracFone had also already distinguished in its Motion. There, the plaintiff explicitly asked to be "awarded damages to compensate it for lost sales and diminished goodwill in an amount to be proven at trial." *Id.* The court found that the request was really a request for damages which would, as in *Dairy Queen*, merely be qualified by looking at Defendant's sales. *Id.* at *7. Again, this is simply not the case here as TracFone has ceased pursuing a claim for monetary damages. In *Reynolds Consumer Products*, the court determined that the plaintiff was seeking proxy damages. *Id.* That argument simply cannot apply here.

Put simply: TracFone is not seeking proxy damages; TracFone is simply seeking disgorgement of Defendants' profits. While Defendants' brief claims that where the accounting is merely a means to determine actual damages, it never shows why this is the case here. Importantly, TracFone is not seeking actual damages but only the profits that Defendants unjustly obtained by unlawfully utilizing TracFone's valuable trademarks. There is no showing by Defendants that it is a "proxy" for damages. Rather, as 15 U.S.C. § 1117 provides, TracFone may recover profits independent of damages.

Thus, there can be little debate over whether there is a jury trial right in such an instance under the controlling Eleventh Circuit precedent, all of which followed *Dairy Queen*. *See*

*Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988) ("accounting for profits has been determined by this Court to further the congressional purpose by making infringement unprofitable, and it is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future"); *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 585 (5th Cir. 1980)[2] (disgorgement of profits serves two purposes in infringement: "remedying unjust enrichment and deterring future infringement"); *see also SPSS, Inc. v. Nie*, No. 08 C 66, 2009 WL 2579232, at *3 (N.D. Ill. Aug. 19, 2009) ("to the extent that [Plaintiff] is entitled to a monetary judgment, it is due to the [Defendant's] alleged unjust enrichment . . . [Plaintiff] cannot grant [itself] the right to a jury trial simply by relabeling his claim").

Accordingly, TracFone respectfully renews its request that the Court strike Defendants' jury trial demand under Federal Rule of Civil Procedure 39(a)(2).

### B. A STATUTORY DAMAGES CLAIM DOES NOT ENTITLE DEFENDANTS TO A TRIAL BY JURY

First, Defendants attempt to muddy the waters regarding statutory damages by pointing to the test that has been provided to determine whether a claim is legal or equitable. *See Ross v. Bernhard*, 396 U.S. 531 (1970). (D.E. 179 at 9). Yet, that test has been applied to statutory damages a multitude of times in other courts. Defendants contend that TracFone made no effort to satisfy this test; but, in so doing, Defendants ignore that the test is not necessary where it has already been completed by numerous courts with the widely accepted conclusion that trademark statutory damages do not implicate a jury.. It is axiomatic that the test is not necessary in such instances.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

102665549.1

Second, Defendants point to two cases for the proposition that "trademark claims are historically legal, not equitable." *See Oxford Indus., Inc. v. Hartmarx Corp.*, 1990 U.S. Dist. LEXIS 5979 (N.D. Ill. May 2, 1990); *Daisy Group, Ltd. v. Newport News, Inc.*, 999 F. Supp. 548 (S.D.N.Y. 1998). But, an examination of those cases make clear that these cases were recounting history, not the current state of the law. *Oxford Indus., Inc.*, 1990 U.S. Dist. LEXIS 5979, at *9 ("Historically, an action for trademark infringement was an action at law for damages, being viewed as a kind of claim of fraud; only later—after the adoption of the Seventh Amendment—did courts of equity grant injunctions against such misconduct."). These cases, though, are inapposite on this point because they have absolutely nothing to do with statutory damages.[3]

Next, Defendants attempt to argue that *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352–53 (1998), held broadly that there is a constitutional right to a jury trial when copyright statutory damages are elected. However, TracFone briefed this issue in its Motion and argued that this is too broad of a reading of *Feltner*. (D.E. 161 at 7 n.3). Further, as Judge Easterbrook of the Seventh Circuit best explained, he "read[s] *Feltner* as establishing no more (and no less) than that cases under the [Copyright Act] are normal civil actions subject to the normal allocation between judge and jury." *BMG Music v. Gonzalez*, 430 F.3d 888, 892–93 (7th Cir. 2005). That is because the question before the Court in *Feltner* was whether a statute silent

---

[3] Although these cases do not deal with statutory damages whatsoever, they do discuss whether profits are proxy damages. However, as TracFone has made abundantly clear in its Motion and in the preceding section, the controlling precedent in this circuit has reached a different conclusion that an award of profits is for two purposes: "remedying unjust enrichment and deterring future infringement." *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 585 (5th Cir. 1980); *see also Burger King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988) ("accounting for profits has been determined by this Court to further the congressional purpose by making infringement unprofitable, and it is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future"). Thus, in this circuit, an award of profits is not a proxy or substitute for damages.

as to the question of whether damages were awarded by a jury meant that no right to a jury trial existed. Defendants make no attempt to address this point already made by TracFone.

Fourth, Defendants attempt to avoid the very persuasive holding in *Kiva Kitchen & Bath Inc.*, 319 Fed. App'x at 320, that a jury is not necessary to determine statutory damages under the Anticybersquatting Consumer Protection Act, through which TracFone maintains one of its claims. To do so, Defendants posit that the case "does not even address the situation, [sic] because [it] involved a jury verdict on damages." (D.E. 179 at 10.) Defendants are correct that the case involved a jury verdict on damages—in the amount of $257,232. *Kiva Kitchen & Bath Inc.*, 319 Fed. App'x at 318–19. However, the Fifth Circuit affirmed the district court's holding raising this award to $500,000 in statutory damages. *Id.* So, to say that the court did not address the issue, when it imported the Ninth Circuit standard that "if statutory damages are elected, the trial court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima," to double a jury's award is ignoring the very holding of the case. *Id.* at 520 (citing *Columbia Pictures Television, Inc. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (internal quotations and citations omitted)). Furthermore, this case was decided post-*Feltner*.

As TracFone already made clear in its Motion, the controlling precedent from the Eleventh Circuit in analogous situations supports TracFone's Motion. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852–53 (11th Cir. 1990) ("the latitude granted the district court's great discretion in awarding statutory damages does not entitle defendants to a jury or bench trial as to an award of damages within the statutory limits");

8

*Twentieth Century Music Corp. v. Frith*, 645 F.2d 6, 6 (5th Cir. 1981)[4] (per curiam) (stating in a case involving a claim for statutory damages that the "whole case before the Court was equitable in nature as to which the appellant had no constitutional or statutory right to a jury trial.").

For these reasons, TracFone respectfully renews its request that the Court strike Defendants' jury trial demand under Federal Rule of Civil Procedure 39(a)(2).

## CONCLUSION

For the reasons stated herein, TracFone respectfully renews its request that the Court enter an Order striking Defendants' demand for a trial by jury under Federal Rule of Civil Procedure 39(a)(2).

Dated this 16th day of November, 2015.

By: ___/s/ Morgan L. Swing_____
Ethan Horwitz (*Pro Hac Vice*)
CARLTON FIELDS JORDEN BURT, P.A.
Email: ehorwitz@cfjblaw.com
405 Lexington Avenue, 29th Floor
New York, NY 10174-0002
212.380.9617 (Telephone)
212.785.5203 (Facsimile)
*Attorneys for Plaintiff TracFone Wireless, Inc.*

Morgan L. Swing (FL Bar No: 17092)
Email: mswing@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. 2nd Street, Suite 4200
Miami, FL 33131
305.530.0050 (Telephone)
305.530.0055 (Facsimile)

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

James B. Baldinger (FL Bar No: 869899)
Email: jbaldinger@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
561.659.7070 (Telephone)
561.659.7368 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that a true and correct copy of the foregoing document was filed with the United States District Court for the Southern District of Florida and was served by using CM/ECF, on November 16, 2015, on all counsel or parties of record on the service list below.

          /s/ Morgan L. Swing
          Attorney

## SERVICE LIST

*TracFone Wireless, Inc. v. Clear Choice Connections, Inc., et al.*
Case No. 1:13-cv-23066-Williams-Simonton
United States District Court, Southern District of Florida

| | |
|---|---|
| **SHUTTS & BOWEN LLP**<br>Joseph W. Bain<br>City Place Tower<br>525 Okeechobee Blvd., Suite 1100<br>West Palm Beach, FL 33401<br>561.650.8523 (Telephone)<br>561.822.5502 (Facsimile)<br>Email: jbain@shutts.com | **McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A.**<br>Michael W. Vary<br>Charles A. Nemer<br>101 West Prospect Avenue, Suite 1800<br>Cleveland, OH 44131<br>216.696.1422 (Telephone)<br>mwv@mccarthylebit.com<br>can@mccarthylebit.com |

10